The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were agreed upon by the parties as:
STIPULATIONS
1. At the time this claim arose, the parties were subject to and bound by the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the plaintiff and defendant-employer on 26 February 1992.
3. The carrier on the risk at all relevant times was National Union Fire Insurance Company with Crawford and Company as the servicing agent.
4. Plaintiff sustained an injury by accident arising out of and in the course of his employment on 26 February 1992.
5. Plaintiff's average weekly wage is to be calculated pursuant to a Form 22 wage chart.
6. Sixteen pages of Medical reports and bills, collectively labeled Plaintiff's Exhibit 1, were received into evidence at the hearing before the Deputy.
7. Deposition of Gary L. Kaplowitz, M.D. taken on 6 February 1995 is admitted into evidence.
* * * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the accident on 26 February 1992, plaintiff was a twenty-eight year old man with a tenth grade education. Plaintiff's job duties at defendant-employer's place of business were to clean and strip the floors. Plaintiff worked eight hours per day, five to six days per week, and earned $4.85 per hour.
2. On 26 February 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment when plaintiff slipped on a slick section of the floor and landed on his hip while using a floor stripper to remove old wax from the floor.
3. After plaintiff's accident he reported his fall, completed an Employee Incident Report listing the injury as a right hip injury, and continued to work the rest of his shift on 26 February 1992. In fact, he continued working every day he was scheduled, eight hours a day, six days per week, for almost 6 months until mid-September 1992 when he voluntarily terminated his employment. At the time plaintiff left his employment with defendant-employer, suitable work was available and, in fact, plaintiff was not having any problems performing his normal duties.
4. The day after he left his job with defendant-employer, plaintiff began work at a restaurant, 220 Seafood, bussing tables, sweeping, washing door windows and picking up trash outside the entrance. On his first day plaintiff experienced weakness in his left leg and hip and informed his employer. The employer at 220 Seafood told plaintiff not to bus tables any longer, and found a position for plaintiff as a cook. Plaintiff regularly worked seven hours per day, four days per week in his position as cook, and earned $4.75 per hour. Plaintiff worked at 220 Seafood until approximately May, 1994, when he voluntarily left his job.
5. Thereafter and at the time of the hearing before the Deputy Commissioner, plaintiff worked at Rosemart, a convenience store. He generally works twelve to sixteen hours per week, and earns $4.75 per hour. He works part-time even though his employer has given him the opportunity to work more hours
6. Although plaintiff was seen on 10 March 1992 and 20 March 1992 by a doctor at Vance-Warren Health Co. (Soul City Clinic) where he complained of paresthesia of his foot, plaintiff did not seek any more medical treatment for over a year until June 1993, some sixteen months after the injury. He was evaluated by Dr. Gary L. Kaplowitz, an orthopaedic surgeon, complaining of pain in his back and left hip. He informed Dr. Kaplowitz that he had fallen at work in April, 1992, not February, 1992.
7. Dr. Kaplowitz diagnosed left radiculopathy and ordered an MRI and x-rays. The x-rays of plaintiff's hip and back were normal. The MRI showed mild bulging at L4-5 and L5-S1 but no disc herniation.
8. According to Dr. Kaplowitz, there could be many sources of plaintiff's pain. This is supported by plaintiff's test results which do not indicate any long-standing conditions. Furthermore, plaintiff's subsequent work at 220 Seafood bussing tables, cleaning windows and floors, and picking up trash could have caused or at least contributed to plaintiff's condition.
9. Considering that his subsequent work could have caused or contributed to plaintiff's condition, there is insufficient medical evidence of record from which to determine by the greater weight that the condition of which plaintiff complains is causally related to his fall while working for defendant-employer.
10. Plaintiff has not proven by the greater weight of the evidence that he was unable to work during any period after 26 February 1992 as a result of his work-related injury. Plaintiff's diminished earnings were due to his voluntary decision to terminate his employment with defendant-employer and not to his fall at work in 1992 nor to any lack of capacity to continue in the employ of the defendant-employer.
* * * * * * * * * * *
Based upon the finding of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Although plaintiff sustained an injury by accident or a specific traumatic incident arising out of and in the course of his employment when he slipped on 26 February 1992 on a slick section of the floor that he was stripping of wax and landed on his left hip, there are no compensable consequences related to this accident. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to have defendants make payment for the two medical visits to Vance-Warren Health Co. (Soul City Clinic) for services reasonably required to effect a cure, give relief or tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim for compensation under the law must be, and the same is, hereby denied.
2. Defendants shall pay expenses for the two visits for medical treatment incurred at the Vance-Warren Health Co. (Soul City Clinic).
3. Defendants shall pay the costs due this Commission.
 S/ __________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ __________________ J. RANDOLPH WARD COMMISSIONER
S/ __________________ KIM L. CRAMER DEPUTY COMMISSIONER
DCS/bjp